**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | | |
|---|---|---|
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:06-CV-246 JVB |
| JENNIFER JUSTAK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Life Insurance Company of America filed a complaint for declaratory relief

against Defendant Jennifer Justak, who claims that she is entitled to the proceeds of her former

husband's life insurance policy. The Plaintiff had already paid under the policy to another

woman, to whom the insured was married at the time of his death. The Defendant claims that the

payment was in error as the insured had not removed her from the policy.

Both parties filed motions for summary judgment, which the Court will now address.

**A.  Motion for Summary Judgment Standard**

Summary judgment is only appropriate by the terms of Rule 56© where there exists "no

genuine issue as to any material facts and . . . the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties

each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74

F.3d 768, 774 (7th Cir.1996). Indeed, the existence of cross-motions for summary judgment does

not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment*

*Serv., Inc. v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the

process of taking the facts in the light most favorable to the nonmovant, first for one side and

then for the other, may reveal that neither side has enough to prevail without a trial. *Id*. at 648.

"With cross-motions, [the court's] review of the record requires that [the court] construe all

inferences in favor of the party against whom the motion under consideration is made." *O'Regan

v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v.

Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). Mindful of these standards, the court now turns

to the factual basis for the parties' motions and then to their substance.

**B. Facts**

   Eugene Justak was a pilot for United Airlines. When he started working for the airline, he

designated his then wife, the Defendant, as a beneficiary of his life insurance policy. The policy

was provided by his employer and issued by the Plaintiff.

   Eugene and the Defendant were first married in 1983, had three children, divorced in

1994, remarried in 1995, and got divorced again in 1997.

   In February 1998, Eugene married another woman, Lori.

   On July 27, 1998, Eugene filled out a change of beneficiary form. One section on the

form stated: "[In] accordance with the terms of Group Policy . . . issued by Connecticut General

Life Insurance Company . . ., a request hereby made for change of beneficiary as follows." In

that section, Eugene wrote in "Lori Ann Justak - Wife." He signed the form and dated it. The

form contained a space for a witness's signature but it was left blank. (Joint Ex. C.) Eugene did

not submit the form to either the Plaintiff or United Airlines.

Eugene committed suicide on July 27, 2001. On September 10, 2001, Lori's stepmother called to tell the Plaintiff that she had found the July 27, 1998, change of beneficiary form. The Plaintiff requested that she fax the form to the Plaintiff, and she did so that same day. Soon after receiving the fax, the Plaintiff paid Lori the policy proceeds.

The Defendant learned about the Plaintiff's payment on May 1, 2003, in a deposition on unrelated litigation. The Defendant made a claim on the policy on June 13, 2005, but the Plaintiff refused to pay, claiming that Eugene had named Lori as the beneficiary of the policy in the Defendant's stead.

The policy in question contains the following language:

**Change of Beneficiary**
The Insured may change the beneficiary at any time by giving notice to the Employer or the Insurance Company. . . .
No change in beneficiary will take effect until the form is received by the Employer or the Insurance Company. When this form is received, it will take effect as of the date of the form. If the insured dies before the form is received, the Insurance Company will not be liable for any payment that was made before receipt of the form.

(Joint Ex. A, Insurance Policy at CG0082.)

## C. Analysis

The sole issue in this case is whether, pursuant to the insurance policy's terms, the Plaintiff paid the moneys to the proper beneficiary. The answer is yes if Eugene properly executed the July 27, 1998, change of beneficiary form. Otherwise, the Plaintiff must pay Defendant as she was the last named beneficiary on the policy.

The Plaintiff argues that Eugene complied with the express language of the policy when

he filled out the change of the beneficiary form and, thus, added Lori as the new beneficiary

under his life insurance policy. In the alternative, the Plaintiff argues that, even if Eugene did not

comply with the express language of the policy, he substantially complied with the policy's

requirement so as to make the change enforceable. The Defendant disagrees with the Plaintiff on

both points and argues that Eugene's failure to submit the form to either the Plaintiff or United

Airlines demonstrates his lack of intent to effectuate the change. The parties do agree that their

conflict is governed by Employee Retirement Income Security Act of 1974, as amended, 29

U.S.C. §§ 1132(a)(1)(B). And since the policy gives no discretion to the insurer, the Court's

review of the Plaintiff's benefit decision is reviewed de novo. *See Pearlman v. Swiss Bank Corp.*

*Comprehensive Disability Protection Plan*, 195 F.3d 975 (7th Cir. 1999).

> ERISA[] commands that a plan shall "specify the basis on which payments are
> made to and from the plan," §§ 1102(b)(4), and that the fiduciary shall administer
> the plan "in accordance with the documents and instruments governing the plan,"
> §§ 1104(a)(1)(D), making payments to a "beneficiary" who is "designated by a
> participant, or by the terms of [the] plan." § 1002(8).

*Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). Because "ERISA is silent as to the resolution of

disputes between putative beneficiaries of a life insurance policy," *Metropolitan Life Ins. Co. v.*

*Johnson*, 297 F.3d 558, 567 (7th Cir. 2002), the Court must apply the federal common law in

such situations. *See id*.

Eugene did not comply with the policy's explicit requirement for changing the

beneficiary. For the change to take place, the policy mandates that the owner of the policy give

the Plaintiff or the employer a written notice: "The Insured may change the beneficiary at any

time by *giving* a written notice to the Employer or the Insurance Company." (Joint Ex. A,

Insurance Policy at CG0082 (emphasis added).) This portion of the policy is not stated in a

passive voice: it requires that the insured give notice, not that the notice be generally given. The express language defies the Plaintiff's argument that "change can be made at any time as long as *there is written notification.*" (Pl. Resp. Br. at 4 (emphasis added).) Conceivably, the insured may ask another person to deliver the notice to the employer or the insurance company, but the change cannot be made without at least the owner's initiative to notify the employer or the insurance company of the change.

None of this happened here. Eugene filled out the change of beneficiary form on July 27, 1998, but did not provide it to United Airlines or the Plaintiff. In fact, he failed to submit the form over the next three years and at no time did he ask anyone else to assist him in meeting this requirement. The Plaintiff received the form almost two months after Eugene's death, but not at Eugene's request. Instead, the form was found by Lori's stepmother and faxed in at the Plaintiff's asking, but, in light of the explicit language of the policy, that is of no import in effecting the change.

Since Eugene did not expressly comply with the policy's mandates to change beneficiaries, the Court must determine whether he nevertheless substantially complied so as to effectuate the change. Applying this test, the Court looks to the 1998 form Eugene filled out and his subsequent actions to determine whether he evidenced his intent to make a change of beneficiary and attempted to effectuate that change by undertaking positive action. *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 567 (7th Cir. 2002). If those two criteria are met, the Court will examine whether the deficiency in the execution negates the intent. *Id.* at 568.

By filling out the form, Eugene did evidence the intent to make Lori the new beneficiary of his life insurance policy. However, having done that, he failed to undertake any positive

5

action to effectuate the change. Eugene signed the form on July 27, 1998, but never submitted it to his employer or the Plaintiff. Having lived for another three years after signing the form, he had ample time to effectuate the change. This failure to comply with the actual terms of the policy was not a minute error but a manifestation of Eugene's failure to undertake positive action to effectuate the change.

The Plaintiff's argument to the contrary is without merit. The Plaintiff claims that the *Johnson* opinion supports its position that Eugene substantially complied with the policy's requirements. To derive such conclusion from *Johnson* is a stretch. In *Johnson*, the insured committed an error in checking off the wrong box on the form. The Seventh Circuit found such mistake insignificant especially because the insured sent the form to the employer, the employer received the form, and the employer did not challenge the insured's error. The situation at bar is different because Eugene omitted the crucial step of giving notice to the Plaintiff about his intent to change beneficiaries. The Plaintiff does not cite one case where such omission was overlooked by the courts in the face of the policy's express requirement that the insured provide notice of the change, and the Court finds no basis for inventing such an exception.

**Conclusion**

For the foregoing reasons, the Court denies the Plaintiff's Motion for Summary Judgment (DE 25), and grants the Defendant's Motion for Summary Judgment (DE 21). Since the Defendant is entitled to payment under Eugene Justak's Life Insurance Policy, the Plaintiff's request for declaratory relief is denied.

SO ORDERED on March 31, 2008.

> s/ Joseph S. Van Bokkelen
> Joseph S. Van Bokkelen
> United States District Judge

6